Matter of Desser v Pascal (2023 NY Slip Op 02453)

Matter of Desser v Pascal

2023 NY Slip Op 02453

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 154861/21 Appeal No. 213 Case No. 2022-03244 

[*1]In the Matter of Stuart Desser, Petitioner-Appellant,
v
Woody Pascal etc., Respondent-Respondent.

Stuart Desser, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Laurence Love, J.), entered on or about June 30, 2022, denying the petition to compel respondent Woody Pascal, Deputy Commissioner, State of New York Division of Housing and Community Renewal, Office of Rent Administration (DHCR) to comply with 21 NYCRR 1401.2(b)(2) by, inter alia, providing petitioner with certain requested information to assist him in searching Office of Rent Administration (ORA) records with its computer's software, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Mandamus is available "only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; see CPLR 7803[1]). Here, in response to petitioner's request for information to assist him in formulating FOIL requests for ORA records, DHCR fully complied with its obligation under 21 NYCRR 1401.2(b)(2) to "indicate the manner in which the records are filed, retrieved or generated to assist [petitioner] in reasonably describing records" (21 NYCRR 1401.2[b][2]; see also Public Officers Law § 89[3][a]). The FOIL appeal officer provided petitioner with a list of records maintained by subject matter, instructed petitioner to include "relevant docket numbers, dates, names, addresses, [and] descriptions," and advised petitioner to avoid the use of "phrase[s] or reference material[s]" because the records were not maintained or characterized in that manner. Nothing in the plain language of the regulation supports petitioner's contention that DHCR was required to produce additional information regarding how the records were stored and retrieved in its database, such as the database fields used or the capabilities of the search engine. Petitioner's reliance on Defenders v New York City Police Dept. (2017 NYLJ LEXIS 1412, *7 [Sup Ct, New York County 2017]), is misplaced. There, the court stated the NYPD was not required to provide database fields (id. at *8).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023